UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANGEL REYES-AGUILERA,

      Plaintiff,

  v.

                                 Case No. 2:26-cv-1079-KCD-NPM

SECRETARY OF THE
DEPARTMENT OF HOMELAND
SECURITY, MARKWAYNE
MULLINS; AND U.S.
IMMIGRATION CUSTOM
ENFORCEMENT,

      Defendants.

_____/

## ORDER

Petitioner Angel Reyes-Aguilera filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that his continued detention violates the Fifth Amendment. (*Id.* at 7-9.) Respondents oppose the petition. (Doc. 11.) For the reasons below, the petition is **DENIED**.

## I. Background

Reyes-Aguilera illegally entered the United States in 2008. (Doc. 11-1 at 2.) He was ordered removed in 2012. (*Id.* at 2, 4.) He came on immigration enforcement's radar after completing a state sentence for sexual battery with

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

a deadly weapon. (*Id.* at 2, 8-14.) ICE took custody of him on October 12, 2025. (*Id.* at 7.) According to the unrebutted records now before the Court, Reyes-Aguilera has twice been transported to the El Paso port of entry for removal to Mexico but failed to comply. (*See id.* at 6 (February 5, 2026, and February 18, 2026).

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the

noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a [Due Process] claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Reyes-Aguilera cannot satisfy the temporal requirement. True, ICE took him into custody on October 12, 2025, which is beyond six months. But on February 5 and 18, 2026, Reyes-Aguilera refused removal to Mexico, which tolls the detention period. *See Akinwale*, 287 F.3d at 1052 n.4

3

(stating that the "removal period shall be extended ... if the alien ... acts to prevent [his] removal subject to an order of removal"); *Quo Zing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal."). Thus, Reyes-Aguilera's challenge to his continued detention fails. *Brown v. Gonzalez*, No. 4:06CV525-RH/WCS, 2007 WL 2790585, at *8 (N.D. Fla. Sept. 23, 2007).

Reyes-Aguilera also seemingly brings a Fourth Amendment claim, but its basis is unclear. (Doc. 1 at 7.) In any event, "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody." *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026). "If lawful grounds for detention exist, [Reyes-Aguilera] is not entitled to release even if there were flaws in his original arrest." *Id.* Because Reyes-Aguilera attacks the mechanics of his seizure rather than the Government's present statutory authority to hold him, his claim must fail. *See also Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

4

## IV. Conclusion

Reyes-Aguilera's due process claim under *Zadvydas* fails, so the habeas petition is **DENIED WITHOUT PREJUDICE** to him refiling a new petition should his current detention (which is not impeded) extend beyond the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on May 5, 2026.

Kyle C. Dudek
United States District Judge

5